# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA | ) |
| :--- | :--- |
| Plaintiff, | ) |
| v. | ) CRIMINAL NO. 07-30178-WDS |
| KENNETH TALTON, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are several pre-trial motions. Upon review of the record, the Court rules as follows:

1. Defendant's motion for a bill of particulars (Doc. 439) and Defendant's motion to dismiss for improper venue (Doc. 461). In these motions, the defendant assets that the language of the Fourth Superseding Indictment does not establish that the defendant's actions, or any alleged acts pertaining to him occurred within the Southern District of Illinois. The defendant asserts that the discovery provided reveals that all of his alleged activities occurred within the State of Missouri.

Pursuant to Fed. R. Crim. P. Rule 18 prosecution is appropriate "in a district in which the offense was committed." (*See also* Article III, Section 2 of the Constitution and Const. amend. VI.) An offense may be begun in one district and completed in another or may be committed in more than one district, and accordingly may be prosecuted in any of such districts. 18 U.S.C. § 3237. *See, United States v. Chappell,* 854 F.2d 190, 192 (7th Cir. 1988). Proper venue is not limited to districts where the defendant was physically present when he committed the unlawful acts that comprise the crimes charged. So long as he did something in furtherance of the

conspiracy that was intended to have an effect in the district where the case is finally brought, venue in that district is proper. *See, e.g., United States v. Lewis,* 676 F.2d 508, 511 (11th Cir. 1982) (phone call from defendant in Florida to Texas sufficient to establish venue in Texas); *United States v. Schmucker-Bula,* 609 F.2d 399, 402 (7th Cir. 1980); *United States v. Spiro,* 385 F.2d 210, 212 (7th Cir. 1967).

Some criminal statutes specify where a crime should be deemed to have occurred, but if the statute does not specify, the general venue statute, 18 U.S.C. § 3237(a), applies. *See United States v. Ringer,* 300 F.3d 788, 791 (7th Cir. 2002). When Congress has not specifically defined where a crime should be determined to have occurred, the *"locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United State v. Anderson,* 328 U.S. 699, 703 (1946). "To determine venue, we examine the key verbs in the statute defining the criminal offense to find the scope of the relevant conduct." *United States v. Tingle,* 183 F.3d 719, 726 (7th Cir. 1999). If the crime consists of distinct parts which occurred in different places, or involved "a continuously moving act," venue is proper where any part of the crime occurred. *Travis v. United States,* 364 U.S. 631, 636 (1961).

Here, the defendant, along with his co-defendants, is charged in a single count Fourth Superseding Indictment, which alleges that from on or about January 2003 until November 2007, the defendant with others, conspired and agreed with each other and with previously indicted co-conspirators and others both known and unknown to the grand jury to knowingly and intentionally distribute and possess with intent to distribute, a mixture or substance containing cocaine base, in the form commonly known as "crack," and cocaine hydrochloride, both Schedule II controlled substances, in violation of 21 U.S.C. 21 §§ 843(a)(1), 841(b)(1)(A) and

846. The conspiracy is charged as having occurred in the Southern District of Illinois, the Eastern District of Missouri and elsewhere.

The venue in this District, is, therefore, proper and the motions for a bill of particulars and to dismiss for improper venue are **DENIED** on all grounds raised.

2. Government's motion in limine that the defendant be prohibited from mentioning punishment to the jury. At the final pre-trial in this case, the Court granted a similar motion made by the government. The Court's ruling is the same in this case and the motion is **GRANTED.** Defendant's counsel may not argue punishment to the jury as part of the defendant's case or in arguments to the jury.

**IT IS SO ORDERED.**

**DATE: March 27, 2009.**


                                                        s/   **WILLIAM D. STIEHL**
                                                            **DISTRICT JUDGE**